UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OHIO FRESH EGGS, LLC,** *et. al.***,**

    **Plaintiffs,**

                                              Civil Action 2:13-cv-13
  v.                                       Judge Algenon L. Marbley
                                              Magistrate Judge Elizabeth P. Deavers

**HERSHEY EQUIPMENT CO., INC.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiffs' Motion to Remand to State Court. (ECF No. 7.) Defendant filed its Response in Opposition to Plaintiff's Motion on February 13, 2013. (ECF No. 8.) Plaintiffs filed their Reply on February 22, 2013. (ECF No. 13.) For the reasons that follow, it is **RECOMMENDED** that Plaintiffs' Motion be **GRANTED** and that this case be **REMANDED** to the Licking County Court of Common Pleas. It is further **RECOMMENDED** that Plaintiffs' request for attorney's fees be **DENIED**.

**I.**

Plaintiffs filed this action in the Licking County Court of Common Pleas in Licking County, Ohio on December 7, 2012. (ECF No. 2.) On January 14, 2013, Defendant filed a Notice of Removal on diversity grounds. In it, Defendants contend complete diversity exists in that all Plaintiffs are citizens of a different state than Defendant. (ECF No. 1.) Plaintiffs, which are both limited liability corporations, seek remand on the basis that complete diversity does not exist. (ECF No. 7.) Plaintiffs also seek an award of attorney's fees and costs associated with Defendant's purportedly improper removal of this case.

**II.**

Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interests. 28 U.S.C. § 1332(a). *Rogers*, 239 F.3d at 871.

When an action is removed based on diversity, a federal court must determine whether complete diversity exists at the time of removal. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). "Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Id.* (quoting *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)). The party seeking to bring the case into federal court carries the burden of establishing diversity jurisdiction. *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994); *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) ("The party seeking removal bears the burden of establishing its right thereto.").

Particularly pertinent to this case, where a limited liability company is a party, it is deemed to have the citizenship of each of its partners and members. *Delay v. Rosenthal Collins Group*, 585 F.3d 1003, 1005 (6th Cir. 2009). "[B]ecause a member of a limited liability company may itself have multiple members–and thus may itself have multiple citizenships–the federal court needs to know the citizenship of each 'sub-member' as well." *Id.* If one of an unincorporated-plaintiff's members, "or one member of a member," is a citizen of the same state as any defendant, complete diversity does not exist. *Id.*

2

**III.**

**A.**     **Motion for Remand**

Defendant removed this action on an erroneous belief that complete diversity exists between the parties. Defendant, a Pennsylvania corporation with its principle place of business in Pennsylvania, is a citizen of Pennsylvania for diversity purposes. (Notice of Removal, ECF No. 1.) Plaintiff Ohio Investments Co. is a Delaware limited liability company, and thus a citizen of Delaware. *Id.* At the time of removal, Defendant purportedly believed that Plaintiff Ohio Fresh Eggs ("OFE") was a resident of Iowa based on a notice of removal filed in another, unrelated case. (Op. 2, ECF No. 8.) In the notice of removal in that unrelated case, OFE was said to be a Pennsylvania limited liability company with all of its members being citizens of Iowa. *Id.* OFE purportedly did not contest removal in that case, which led Defendant to believe that the content of the notice of removal, including the statement regarding OFE being a citizen of Iowa, was true. *Id.*

Plaintiffs, however, have provided sufficient evidence to demonstrate that OFE is in fact a citizen of both Pennsylvania and Iowa for diversity purposes, thereby precluding Defendant from establishing complete diversity. To demonstrate OFE's citizenship status, Plaintiffs provided an Affidavit of a purported former manager of OFE indicating that OFE has two members. (Mot. Ex. 1, ECF No. 7.) One such member is Hillandale, LLC, an Ohio limited liability company with its sole member residing in Pennsylvania. *Id.* Given that this sub-member of OFE resides in and is a citizen of Pennsylvania, OFE is determined to be a citizen of Pennsylvania as well. *Delay*, 585 F.3d at 1005. Plaintiffs have also provided an Affidavit of OFE's Iowa counsel, in which counsel avers that OFE's members include Hillandale Farms, which, again, is owned by a Pennsylvania resident. (Reply Ex. 1, ECF No. 9.) Finally, Plaintiffs

3

provided the current Owner's/Operator's information form for the Ohio Department of Agriculture, which shows that Hillandale Farms is one of OFE's owners. *Id.*

Defendant nevertheless contends that remand is premature, and seeks permission to conduct additional discovery to ascertain the true, current owners of OFE. (Op. 3, ECF No. 8.) Defendant finds it "concerning" that no member of Hillandale Farms provided an affidavit averring that Hillandale Farms is a current owner of OFE.[1] *Id.* Defendant's unsubstantiated concern, however, is insufficient to defeat the evidence presented in Plaintiffs' Motion for Remand. Diversity jurisdiction "cannot be established 'argumentatively or by mere inference.'" *Durflinger v. Bowling Green Custard, LLC*, No. 1:11-cv-150-R, 2012 WL 1574828, *2 (W.D. Ky. 2012) (quoting *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194 (2010)). Rather, "'[w]hen challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof.'" *Id.* (quoting *Hertz*, 130 S. Ct. at 1194). Thus, Defendant must make an "affirmative showing" with "competent proof" that OFE is not owned by Hillandale Farms, or any other Pennsylvania resident. *Id.* Defendant has failed to provide such proof to overcome Plaintiffs' evidence that OFE is a citizen of Pennsylvania for diversity purposes.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Remand be **GRANTED** and that this case be **REMANDED** to the Licking County Court of Common Pleas.

---

[1] Defendant made this assertion in its Opposition to Plaintiffs' Motion for Remand, which it filed prior to Plaintiffs' submission of the affidavit of OFE's Iowa counsel and its Owner's/Operators information printout. *See* Plaintiffs' Reply, Exs. A and B (demonstrating that Plaintiffs provided those two exhibits in its Reply brief, after Defendant filed its Opposition). Perhaps the inclusion of this additional evidence is sufficient to allay Defendant's concern.

**B.      Request for Attorney's Fees**

Plaintiffs seek an award of attorney's fees and costs associated with Defendant's improper removal of this case.  Pursuant to 28 U.S.C. § 1447(c) "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "An award of costs [is] solely in the discretion of the district court."  *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993).  In considering § 1447(c) requests for fees and costs, courts generally question whether the removing party had an objectively reasonable basis for removal.  *See Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 531-32 (6th Cir. 2010) (considering whether an objectively reasonable basis supported removal to determine the appropriateness of § 1477(c) fees and costs).

The Undersigned recommends that the Court decline to award attorney's fees and costs in this case.  Here, although Defendant could have pursued a more definite means of determining OFE's citizenship for diversity purposes, it cannot be said that Defendant lacked an objectively reasonable basis for believing OFE was only a resident of Iowa.  Defendant relied upon an uncontested notice of removal in another case indicating that OFE was a citizen of Iowa.  Under these circumstances, it is **RECOMMENDED** that Plaintiffs' request for attorney's fees and costs be **DENIED**.

**IV.**

In sum, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED** and that this case be **REMANDED** to the Licking County Court of Common Pleas.  (ECF No. 7.)  It is further **RECOMMENDED** that Plaintiffs' request for attorney's fees be **DENIED**.

**V.**

5

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: April 2, 2013                                          /s/ *Elizabeth A. Preston Deavers*
                                                                      Elizabeth A. Preston Deavers
                                                                      United States Magistrate Judge

6